**STATE ex rel. BATES et al. v. McGUFFEE, Mayor, et al.**

**No. 5305.**

Court of Appeal of Louisiana. Second Circuit.

June 2, 1936.

H. A. Taliaferro and Jesse C. McGee, both of Harrisonburg, for appellants.

D. W. Gibson, of Harrisonburg, for appellees.

DREW, Judge.

In this case, the lower court, in a written opinion, has correctly stated the issues involved and correctly found the facts, and we are of the opinion that his conclusions are also correct. The written opinion of the lower court is as follows:

"This is a proceeding by mandamus to compel the mayor and the board of aldermen of the village of Harrisonburg, La., to order an election for Tuesday following the second Monday in June, 1936, for the purpose of electing a mayor, three aldermen and a marshal for said village.

"There are no disputes as to the major facts, which are as follows:

"The village of Harrisonburg was originally incorporated by virtue of Act No. 64 of the Legislature of Louisiana for the year 1872, and continued its corporate existence under said law until the 28th day of October, 1928, at which time its electors exercised the privileges granted under section 40 of Act No. 136 of 1898 and the amendatory acts thereto.

"At the time of this election the officers of said village, then in office, had been elected in the month of April next prior thereto for a term of one year, as provided in its original charter act. These same officers continued in office until the year 1930, when an election was called and held on the Tuesday following the second Monday in June of that year. The officers thereat elected assumed the duties of office on the first day of July of said year, and held office until 1934, when the present officers of said village were duly elected on Tuesday following the second Monday in June, and have functioned as such officers since the first day of July of said year.

"Both relators and respondents contend and admit that section 38 of Act No. 136 of 1898, as amended by Act No. 22 of 1928, is the law governing the fixing of the term of office and the time of elections for municipal corporations such as the subject of this suit, from which act we quote:

"'Municipal elections shall be held every four (4) years on the Tuesday next following the second Monday of June. The officers elected shall qualify and enter upon the discharge of their duties on the first day of July, after their election, and shall hold their office for four years and until their successors are elected and qualified; provided, if no election be held on the day herein prescribed, or if a vacancy in any municipal office, elective by the people, shall occur at any time, or should an officer elected fail to qualify, the Governor shall appoint some suitable person to the office or offices, who shall hold the office or offices until the next general municipal election and until the qualification of his successor thereafter.

"'In case of any vacancy, at any time, in any municipal office to which the officer is elected or appointed by the Mayor and Board of Aldermen, the same may be filled for the term by the Mayor and Board of Aldermen at any regular or special meeting.

"'Officers of cities, towns or villages who are in office when any city, town or village elects to come under the provisions of this law, under Section 40 of this Act, shall retain their offices until the first election under this law, with the powers of like officers under this act.'

"The controversy herein arises over the application of the above-quoted law to the facts related, particularly the interpretation and the application of the law as embodied in the last paragraph of said section.

"It is the contention of the relators that at the time of the change of the form of government of said village, viz., October 28, 1928, the term of office of the officers then in office were, by virtue and under authority of the above-quoted law, fixed as beginning July 1, 1928, and extended to and ending July 1, 1932, this being the fixed term, it would necessarily follow that the present term of office of the officers of this village would expire July 1st of the present year, and an election for Tuesday, June 9th of the present year, would be in order.

"Respondents deny relators' interpretation of the application of said law and contend that the year for the fixing of elec-

tions of said village under its present law was first fixed in 1930, when the first election was held on Tuesday following the second Monday in June of that year and having term of four years as provided by section 38 of Act No. 136 of 1898, as amended by Act No. 22 of 1928; that in accordance therewith, the present officers were regularly and legally elected on the proper date in 1934 for a term of four years, and as a consequence the next general municipal election for said village would not be until the year 1938.

"The court is unable to find any judicial interpretations of the part of the act in question, after a careful search of the jurisprudence of this state, and, therefore, has only the act itself as an aid to the solution.

"The relators asked this court to read into the law a meaning therein not stated. Such a proceeding is authorized under our law when words used are dubious or when the 'letter' leads to an absurd conclusion. Courts may sometimes correct, ignore, or supply obvious inadvertences in order to give law its plainly intended effect. But when a law is clear and free of all ambiguity, the letter of it should not be disregarded under pretext of pursuing its spirit. Civ.Code, art. 13.

"The last paragraph of the section in question provides that the officers in office 'shall retain their offices until the first election under this law, with the powers of like officers under this act.' To concede the contentions of the relators and to hold that 'the first election under this law' should have been in June, 1932, it would be necessary to read into this law, 'shall retain their offices for a full term and until the next election under this law,' or 'shall retain their offices until the first election under this law which shall be on the first general municipal election date after the expiration of the full term under this law.' It might be read with equal logic and possibly a more reasonable interpretation as follows: 'Shall retain their offices until the next general municipal election under this law.' This latter interpretation would, in a sense, be pari materia with the law provided in section 12 of this same act for newly created villages. Under this interpretation the first election would necessarily have been held in June, 1929, and the next in 1933.

"The thought here occurs that to give credence to either of the above interpretations, this court would now be confronted with a serious question as to the qualifications of the respondents to now stand in judgment before this court. No election having been held in either 1929, 1932, or 1933, and this same section provides that, 'if no election be held on the day herein prescribed,' the Governor shall appoint officers who shall serve until the next general municipal election. The respondents before this court are not appointees of the Governor, nor are they the original officers in office at the time of the change of government. It would, therefore, be a grave question as to whether or not they would even be officers de facto.

"It is an undisputed fact that the first election held in the village after the aforesaid change of government was on Tuesday following the second Monday in June, 1930, the day of the year provided by law in such cases. That four years later, and on a similar day in 1934, the present officers now in office were elected. It is the opinion of this court that the law in question is clear and free of ambiguity, and that the last-mentioned elections were in accordance and in compliance with the law governing municipal elections for municipalities of the class of the present subject, and that as a consequence the next general municipal election for the village of Harrisonburg will not occur until the year 1938.

"For the reasons above assigned, the alternative writ of mandamus heretofore issued is recalled, annulled, and set aside, and the demands of the relators rejected and this suit is dismissed at their cost.

"Judgment rendered and signed at chambers in Harrisonburg, Catahoula parish, La., this the 16th day of May, 1936.
"R. R. Reeves, District Judge."

It, therefore, is accordingly ordered, adjudged, and decreed that the judgment of the lower court is affirmed.

TALIAFERRO, J., recused, and takes no part herein.